**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**AVERY L. ERVIN,**
***individually and as custodial father and next friend of his four minor children A.L., A.E. #1, A.E. #2, A.E. #3***

**Plaintiff,**

**v.**

**FRANKLIN COUNTY BOARD OF DEVELOPMENTAL DISABILITIES,**
***et al.*****,**

**Defendants.**

**Civil Action 2:26-cv-1719**
**Judge Douglas R. Cole**
**Magistrate Judge Chelsey M. Vascura**

**ORDER**

Plaintiff, Avery L. Ervin, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). The Court will conduct an initial screening of the Complaint under 28 U.S.C. § 1915(e)(2) as soon as practicable to determine whether or not any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Complaint seeks monetary relief from a Defendant who is immune from such relief.

This matter is further before the Court on Plaintiff's motion to obtain electronic case filing rights and motion to receive service by email. (ECF Nos. 2–3.) For good cause shown, the Motions (ECF Nos. 2–3) are **GRANTED** to the extent that Plaintiff may participate in e-filing

only as to this particular case and conditional on his compliance with all applicable e-filing requirements. If he has not already done so, Plaintiff is **DIRECTED** to create a PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.

Plaintiff is **REMINDED** that failure to adhere to all applicable e-filing requirements will likely result in the revocation of permission to participate in e-filing. Plaintiff is specifically **CAUTIONED** that failure to update his email address and monitor his email account (including his "junk mail" or spam folder) for court filings may result in dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here").

Plaintiff is further **CAUTIONED** that his electronic filing access may be revoked at any time.

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE